O181096B

IN THE CIRCUIT COURT
OF CHAMBERS COUNTY, ALABAMA
CIVIL DIVISION

| | |
|---|---|
| MERY THOMAS, (as next friend to minor child, "X") § § <br> PLAINTIFF, § § <br> vs. § § <br> CITY OF VALLEY, ALABAMA, § <br>    (via respondent superior & § <br>    vicariously liable); § § <br> MAYOR ARNOLD LEAK, § <br>    (via respondent superior & § <br>    vicariously liable); § § <br> POLICE CHIEF JAMES BRYAN, § <br>    (via respondent superior & § <br>    vicariously liable); § <br> and § <br> DETECTIVE FRANK MONTROY, § <br>    an individual, § § <br> as DEFENDANTS; § <br> jointly and severably liable. § | CASE No.: CV-05-141  FILED JUL 7 2005 CHARLES W. STORY CIRCUIT CLERK CHAMBERS COUNTY ALABAMA |

## COMPLAINT

COMES NOW, the Plaintiffs, Mery Thomas as next of friend and "X", a minor child, (hereafter referred to X) and respectfully shows the Court the following:

### I. JURISDICTION AND VENUE

1.   This action arises from the tortuous and breach of contract acts of Defendants, Detective Frank Montroy, Mayor Arnold Leak, Police Chief James T. Bryan and the city of Valley, Alabama, jointly and severably (hereafter referred to as Montory, Leak, Bryan, Valley or Defendants, respectfully).

**DEFENDANT'S EXHIBIT A**

2. This is a complaint for legal and equitable relief to redress the damages caused to X by Defendants' actions.

3. This Court has Jurisdiction over this action in that the parties are residents and or are doing business in the County of Chambers, Alabama. This is a civil action in which the matter in controversy does exceed Ten Thousand Dollars ($10,000).

4. This Court is the proper venue of this action since the Defendants committed certain torts in Chambers County.

## II. DESCRIPTION OF THE PARTIES

5. The Plaintiff, X, is a thirteen year old black female who lives in Valley, Alabama.

6. The Defendant, Montroy, is a resident of Valley Alabama and is a detective with the Valley Police department.

7. The Defendant, Leak is the Mayor of Valley Alabama. Leak is responsible for the acts of his servant / agent / employee, Montroy; in that the wrong done to X was within the scope of Montroy's employment and Leak had the right as mayor of Valley, Alabama to control Montroy's actions.

8. The Defendant, City of Valley Alabama, is an incorporated entity doing business in the State of Alabama, with its primary place of business in Chambers County, Alabama.

9. The Defendant, Bryan is the Police Chief of Valley, Alabama. Bryan is responsible for the acts of his servant / agent / employee, Montroy; in that the wrong done to X was within the scope of Montroy's employment and Bryan had the right as Police Chief of Valley, Alabama to control Montroy's actions.

## III. COMPLIANCE WITH NOTICE REQUIRMENTS

10.     The Plaintiff has heretofore requested of the Mayor of Valley, Alabama the names of the parties jointly liable and he has not responded within the ten (10) day statutory period. A copy of the letter served upon him is attached herewith and incorporated herein by reference as Exhibit A.

11.     The Plaintiff has heretofore filed a claim with the city clerk of Valley, Alabama, of which was made under oath as required by law. A copy of the claim served upon the city clerk is attached herewith and incorporated herein by reference as Exhibit B.

## IV. STATEMENT OF THE FACTS

12.     On February 5th, 2005, at about 3:30 p.m., X, a 13 year old black female was walking to her friend's house when she was approached by two black men in their early to mid 20's. The two men pulled their car along side X as she was walking and asked her name. When asked if she wanted to get in the car, X took off running down a small dirt road, which lead away from the paved road, in order to get away from the two males.

The two males chased X into the woods where they held her against her will and proceeded to rape her.

The men left X in the woods and at that time she called Emergency 911 on her cellular phone, but was cut off because the cell phone battery ran out.

Upon returning home at around 9:30 p.m., X's step-father took her to Lanier Health Services. The Valley Police Department was called. An Officer Jowers and another unknown (at this time) officer responded to the call.

A Detective Frank Montroy arrived and questioned the minor child, without her parent present, and it is alleged by the victim, minor child, that Detective Montroy frightened her so much during the interview she changed her story about what happened to her.

X alleges that Detective Montroy was very abrasive and forceful and told her that he would put her away for a very long, long time if she did not tell him the truth regarding what

happened. X alleges that she was still in shock from what happened to her earlier and because the way Detective Montroy spoke to her, she changed her story.

It is alleged that Detective Montroy told Lanier Health Service not to conduct a "rape kit". Therefore, no "rape kit" was preformed on the victim. Therefore, crucial body fluid and other evidence was not collected and is now lost and irrecoverable.

At the hospital Detective Montroy allegedly made statements that this was just a case of a typical 13 year old black girl having sex and told the child's family that there would be no investigation and that the case was closed.

The next day X's mother took Detective Montroy the child's torn clothing and underwear. Again detective Montroy allegedly told X's mother that there would be no investigation and that the case was closed. X's Mother left the clothing with the detective, anyway. After being told that there would be no investigation and that the case was closed, the child took her parents to the scene of the rape where they found signs of disturbed ground and the child's broken necklace and ear-ring.

From the date of occurrence until the date of this notice, X's family has not been contacted by the Valley Police Department. X's mother Called Detective Montroy and was told that he had reported the rape incident to the Department of Human Resources. After the rape incident was reported to Tri-County Children's Advocacy Center by the family's attorney, it was discovered Detective Montroy in fact had not contacted D.H.R.

Everyday the attackers go free and due to the negligence of Valley Police Department and Detective Montroy. Crucial evidence was not collected and has been destroyed thus giving the police little evidence to pursue and bring the attackers to justice. The crime scene was not investigated or preserved.

X a thirteen year old girl is having to undergo counseling, has problems sleeping and has been unable to concentrate during school. She lives each day in fear that her attackers could come back for her. She has anxiety about leaving her home and is afraid to play in her community.

X was put through an ordeal of physical and emotional trauma by the two men who raped her; and when she turned to the Valley Police Department for help she was again put

through emotional trauma by the Valley Police Department and Detective Montroy by not believing her and placing her in undue stress during his (Montroy) interview when she was already in a very stressed mental state.

## V. SEPRATE COUNTS
### Count 1
### Negligence

13.  Plaintiff adopts and realleges paragraphs 1 –12 above, as if set out in full herein, under Count 1, for Negligence.

14.  Defendant, Montroy, failed to follow up on the allegations made by X regarding her rape.

15.  The Defendant, Montroy, failed to investigate, collect and preserve evidence of the crime scene. Therefore, vital evidence was lost and or destroyed which would have bolsterer X's allegations of rape and allowed for an arrest of the two assailants.

16.  The Defendant, Montroy, failed to investigate possible witnesses or conduct questioning of the family members, doctors, counselors or potential assailants.

17.  The Defendant, Montroy, failed to report the rape to the Department of Human Services.

18.  The Defendant, Montroy, informed the staff at Lanier Health Services (Hospital) not to perform a "rape kit".

19.  Defendants were negligent in that they failed to perform a legal duty owed to X. Defendants failed to exercise reasonable and ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances.

20.  Defendants did not report the alleged rape to the Department of Human Resources in accordance to *Code of Alabama* § 26-14-3 (1975).

THEREFORE, due to Defendant's negligence, X, (a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police

5

Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's negligence.

## Count 2
## Outrage

21. Plaintiff adopts and realleges paragraphs 1- 20 above, as if set out in full herein, under Count 2, for the tort of Outrage.

22. That the Defendant's, Montroy, conduct toward the Plaintiff was outrage in that he had a thirteen year old girl telling him that she had just been raped by two men, but instead of questioning X regarding the facts, he frightened X by telling her that he would put her away for a long time.

23. That Defendant, Montroy, was more concerned about the truth of X's allegations, rather than gathering information which further his investigation and allow more evidence to make a decision to proceed with the matter.

24. That X was raised to go to the police for help, if something wrong happened to her. That when X had a serious incident happen to her, she turned to the police for help. But was put through emotional stress by the Defendant, Montroy.

25. That because the Defendant, Montroy, did not follow up on the Plaintiff's allegations or conduct an investigation the assailants remain free thus causing X emotional stress.

THEREFORE, due to Defendant's outrage, X, (a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's outrageous conduct.

## Count 3

## Breach of Implied Contract

26. Plaintiff adopts and realleges paragraphs 1- 25 above, as if set out in full herein, under Count 3, for Breach of Implied Contract.

27. That the Defendants breached an implied contract between X, in that Defendants as elected officials and law enforcement officers manifest of assent by their conduct to serve the public (therefore X).

28. That the Defendants breached their contractual duty not serving X in that they did not investigate the rape.

THEREFORE, due to Defendant's breach of implied contract, X, (a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's breach of implied contract.

## Count 4

## Breach of Constitutional / Civil Rights

29. Plaintiff adopts and realleges paragraphs 1- 28 above, as if set out in full herein, under Count 4, for Breach of Civil Rights.

30. This Count 4 is brought under 42 U.S.C. § 1983, the Civil Rights Act of 1964; U.S. Const. amend. XIV, Equal Protection Clause and the constitution of Alabama (1901) and applicable statutes of the *Code of Alabama*.

31. Defendants violated X's constitutional rights by failing to investigate an alleged rape, failing to collect material evidence, failing to conduct follow-up investigations of possible

witnesses, failing to conduct a "rape kit" and allowing key physical evidence to be destroyed and or lost.

32. Plaintiff claims the Defendants treated her unequally due to her membership in the racial class of African-American. Which was evident in Defendant Montroy's racial commit " this is just a case of a typical 13 year old black girl having sex." Plaintiff claims that Montroy had made up his mind not to investigate the rape allegations of X, just because she was a black girl.

33. Plaintiff claims she was discriminated against by denial of police protection and or services due to her race.

THEREFORE, due to Defendant's breach of Constitutional and Civil rights, X, ( a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's breach of her Constitutional and Civil rights.

### Count 5
### Willful and Wantonness

34. Plaintiff adopts and realleges paragraphs 1- 33 above, as if set out in full herein, under Count 5, for the tort of Wantonness.

35. Defendants' actions, as set out above, were made with the reckless indifference to the consequences upon X.

36. Defendants were or should have known that his / their conduct in not following up on a rape allegation would breach his know and sworn duty to protect and serve X.

37. Defendants' acted in a willful and wanton manner, therefore causing the damage to X as stated in Section IV, paragraph 12, supra.

THEREFORE, due to Defendant's Willful and Wanton conduct, X, (a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor

Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's willful and wanton conduct.

## Count 6

### Mental Anguish / Mental Distress

38. Plaintiff adopts and realleges paragraphs 1- 37 above, as if set out in full herein, under Count 6, for Mental Anguish and Mental Distress.

39. X a thirteen-year-old child, suffering the ordeal of being raped and sexually assaulted in the woods and being held captive for several hours by two men, was again put through mental anguish and distress when she was hostilely interviewed by Defendant Montroy.

40. Defendant Montroy's forceful interview technique frightened an already distraught thirteen-year-old girl. Thus, leading her to alter her story of the occurrence to what Defendant Montroy wanted to hear.

41. That upon learning that Defendants would not be conducting an investigation and or attempting to capture her assailants, X became anxious when having to leave the protection of her home due to mental stress and thoughts about her assailants returning for her or them seeing her in a public place.

42. X's anguish and distress over worrying about the police not searching for the men who raped her lead to sleep and eating disorders and also lead to X not being able to concentrate during school classes.

THEREFORE, due to Defendants' causing mental anguish and mental distress, X, (a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole before Defendant's mental anguish and mental distress.

## Count 7
### Respondent Superior / Vicarious Liability

43. Plaintiff adopts and realleges paragraphs 1- 42 above, as if set out in full herein, under Count 7, for Respondent Superior.

44. Defendants Mayor Arnold Leak, Police Chief James Byran and the City of Valley, Alabama as principal / master due to their elected offices and or positions of employment and or position of employer reserves the right to the control over Defendant Detective Frank Montroy as agent / servant.

45. Defendant Detective Montroy was acting within the line and scope of his employment during the time the foregoing counts complaint of occurred.

46. That the principal / master Defendants may also be liable in tort for the acts of its agent / servant done within the scope of employment, real or apparent, even though they did not authorize or ratify such acts or even expressly forbade them.

47. That the principal / master Defendants ratified the wrongful conduct of Defendant Montroy by not correcting Defendant Montroy's actions and by not ordering a full investigation into X's rape allegations. The principal / master Defendants was made aware of Defendant Montroy's wrongful conduct by numerous phone calls to the Defendant Bryan by X's mother and by phone calls by the local president of the NAACP.

THEREFORE, due to Defendants' being vicariously liabile, X, (a minor child) through next of friend, Mary Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole.

### Count 8
### Failure to Provide Service

48. Plaintiff adopts and realleges paragraphs 1- 47 above, as if set out in full herein, under Count 8, for Respondent Superior.

49. Defendants due to their elected, appointed and or employed positions places a duty upon them to provide services to the community (i.e. X) which they serve.

50. Defendants took an oath of their office to serve the community (i.e. X).

51. That "public safety is a basic function of government"; and "Citizens want and expect a police force that is professional in every way."

52. That the Defendants have failed to provide X with the services upon which their office and or employment entails and is interested.

THEREFORE, due to Defendants' failure to provide services, X, ( a minor child) through next of friend, Mery Thomas, claims damages against the City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 or the amount awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole.

### V. PRAYER FOR RELIEF

THEREFORE, due to the claims set out supra, X, (a minor child) through next of friend, Mery Thomas, demands a judgment for damages against City of Valley, Alabama; Mayor Arnold Leak; Police Chief James Bryan; and Detective Frank Montroy, severablely and jointly in the amount of $100,000.00 per each claim or the amount allowed by law or awarded by jury.

Award X such other and further relief, which this Court deems appropriate to make Plaintiff whole in equity.

## VI. DEMAND FOR JURY TRIAL

Plaintiff, DEMANDS trial by jury.

Respectfully Submitted,

The McBeal Law Firm, LLC
Attorney for Plaintiff

By: Mitch McBeal ( MCB 010)

7027 Halcyon Park Drive
Montgomery, AL 36117
(334) 265-1019 voice
(334) 262-0464 fax

## VERIFICATION

I, Mery Thomas, as next friend, verify that all the foregoing facts and statements are true and accurate and took place as set forth in the proceeding complaint.

By :Mery Thomas
Next Friend of Plaintiff "X"
(a minor child)