

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

Mery Thomas, as next friend to minor
child, X, \*

    Plaintiff, \*

vs. \*    3:05-CV-0689-TW

City of Valley, Alabama, Mayor Arnold \*
Leak, Police Chief James Bryan, \*
and Detective Frank Montroy, \*
\*
    Defendants. \*

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW Defendants, by and through counsel, and state the following as their answer to Plaintiff's complaint:

1.    These Defendants deny paragraph one of Plaintiff's complaint.

2.    These Defendants deny paragraph two of Plaintiff's complaint.

3.    These Defendants admit that the United States District Court for the Middle District of Alabama has original jurisdiction over Plaintiff's allegations. These Defendants deny any and all liability alleged in paragraph three of Plaintiff's complaint.

4.    These Defendants admit that venue is proper in the Eastern Division of the United States District Court for the Middle District of Alabama. These Defendants deny any and all liability alleged in paragraph four of Plaintiff's complaint.

5.    These Defendants admit paragraph five of Plaintiff's complaint.

6.    These Defendants admit paragraph six of Plaintiff's complaint.

7.    These Defendants admit that Arnold Leak is the Mayor of the City of Valley. These

Defendants deny the remainder of paragraph seven of Plaintiff's complaint.

8.  These Defendants admit paragraph eight of Plaintiff's complaint.

9.  These Defendants admit that James Bryan is the police chief of the City of Valley. These Defendants deny the remainder of paragraph nine of Plaintiff's complaint.

10. These Defendants admit that Plaintiff sent a letter to the Mayor of Valley demanding the names of the parties jointly liable.

11. These Defendants admit that Plaintiff filed a document with the City of Valley.

12. These Defendants deny paragraph twelve of Plaintiff's complaint and demand strict proof thereof.

13. These Defendants deny count one of Plaintiff's complaint and demand strict proof thereof.

14. These Defendants deny count two of Plaintiff's complaint and demand strict proof thereof.

15. These Defendants deny count three of Plaintiff's complaint and demand strict proof thereof.

16. These Defendants deny count four of Plaintiff's complaint and demand strict proof thereof.

17. These Defendants deny count five of Plaintiff's complaint and demand strict proof thereof.

18. These Defendants deny count six of Plaintiff's complaint and demand strict proof thereof.

19. These Defendants deny count seven of Plaintiff's complaint and demand strict proof thereof.

20. These Defendants deny count eight of Plaintiff's complaint and demand strict proof thereof.

21. These Defendants deny Plaintiff's prayer for relief and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead that Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. These Defendants incorporate all of the affirmative defenses set forth in Defendants' motion to dismiss filed contemporaneously with Defendants' answer.

3. These Defendants affirmatively plead that Plaintiff fails to state a definite statement.

4. These Defendants affirmatively plead that a municipality cannot form the requisite mental intent necessary to establish liability for an intentional tort.

5. These Defendants affirmatively plead that Alabama law does not allow liability to be imposed against a municipality for intentional torts.

6. These Defendants affirmatively plead that Plaintiff failed to comply with the statutory requirements to maintain this lawsuit.

7. These Defendants affirmatively plead immunity.

8. These Defendants affirmatively plead the general issue.

9. These Defendants affirmatively plead that their actions were not the proximate cause of Plaintiff's alleged damages.

10. These Defendants affirmatively plead that their actions were reasonable.

11. These Defendants affirmatively plead that they are entitled to discretionary function immunity, qualified immunity, and substantive immunity.

12. These Defendants affirmatively plead that the Alabama Supreme Court has not extended the tort of "outrage" to provide liability in a factual situation set forth in Plaintiff's complaint.

13. These Defendants affirmatively plead that there is no implied contract between these Defendants and Plaintiffs.

14. These Defendants affirmatively plead that their actions were legitimate and constitutional.

15. These Defendants affirmatively plead that a policy or custom of the City of Valley was not the proximate cause of Plaintiff's alleged injuries.

16. These Defendants affirmatively plead that Plaintiff's claim is too speculative upon which to impose liability.

17. These Defendants affirmatively plead that Plaintiff has not been damaged by the actions of these Defendants as it is too speculative to determine whether if Plaintiff's allegations, if true, would have led to an arrest.

18. These Defendants affirmatively plead that a municipality cannot be liable for willful or wanton acts.

19. These Defendants affirmatively plead that Plaintiff's claim of mental anguish and mental distress are not independent and separate causes of actions.

20. These Defendants affirmatively plead that a municipality cannot be liable by vicarious liability for Plaintiff's constitutional allegations.

21. These Defendants affirmatively plead that Plaintiff was treated the same as other similarly situated individuals.

22. These Defendants affirmatively plead that Plaintiff's equal protection rights were not violated.

23. These Defendants affirmatively plead that Plaintiff cannot establish municipal liability, supervisor liability, or individual liability.

24. These Defendants affirmatively plead contributory negligence.

25. These Defendants affirmatively plead that Plaintiff's claim of "failure to provide service" is not a cause of action under Alabama law.

26. These Defendants affirmatively plead intervening and superceding causation.

27. These Defendants affirmatively plead their actions were not deliberately indifferent.

28. These Defendants affirmatively plead that their was no notice to establish municipal or supervisory liability.

29. These Defendants affirmatively plead assumption of the risk.

30. These Defendants affirmatively plead that their actions did not rise to the level of outrageousness in character and so extreme to the degree as to go beyond all possible bounds of decency.

31. These Defendants affirmatively plead that Plaintiff is not entitled to punitive damages.

32. These Defendants affirmatively plead that they are not responsible for the criminal acts of a third person.

33. These Defendants affirmatively plead that they are entitled to good faith and/or discretionary function immunity against the allegations in this case.

34. These Defendants affirmatively plead that the statutory limitations on damages apply to this case and limit any recovery by Plaintiff.

35. These Defendants affirmatively plead that their conduct was not conscious shocking.

## PUNITIVE DAMAGES

1. The complaint fails to properly state a claim for punitive damages.

2. Alabama law permitting joint liability for punitive damages violates the equal protection clause of the 14th Amendment to the United States Constitution, as it does not assign a proportionate responsibility for a defendant's contribution to the wrongful conduct alleged.

3. Any award of punitive damages to a plaintiff who does not satisfy a burden of proof equal to or greater than the "beyond a reasonable doubt" burden of proof required in criminal cases violates the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution.

4. The procedures thorough which punitive damages are imposed allow awards that exceed the maximum criminal fine for the same or similar conduct, which violates the due process clauses of the 5th and 14th Amendments to the United States Constitution, the equal protection clause of the 14th Amendment of the United States Constitution, and the due process clause of the Alabama Constitution.

5. The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment to the United States Constitution and the due process clause of the Alabama Constitution because they allow joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

6. The procedures through which punitive damages are awarded violate the equal protection clause of the 14th Amendment to the United States Constitution, as they result in widely varying penalties for the same or similar acts.

7. The procedures through which punitive damages are awarded violate the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide a reasonable limit on the amount of the award.

8. The procedures through which punitive damages are awarded violate the due process and equal protection Clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to provide specific standards for determining the amount of punitive damages.

9. The procedures through which punitive damages are awarded violate the due process and equal protection clauses of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by failing to require that an award of punitive damages be proportionate, or bear a reasonable relationship to the actual harm incurred.

10. The procedures through which punitive damages are awarded violate the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and the Due Process Clause of the Alabama Constitution by failing to provide mitigating factors for the jury's consideration in awarding punitive damages.

11. Any award of punitive damages in this lawsuit would constitute a deprivation of property without due process of law as required under the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama

Constitution.

12. The procedures pursuant to which punitive damages are awarded violate the due process clauses of the 5th and 14th Amendments of the United States Constitution and the due process clause of the Alabama Constitution by permitting punitive damages that exceed the statutory limit established by the Alabama Legislature.

13. To the extent that the demand for punitive damages imposes multiple punitive damage awards for the same act or omission of a defendant:

    a. Such an award violates the due process clause of the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution; and

    b. Such an award violates the protection against double jeopardy guaranteed by the 5th Amendment of the United States Constitution and by the Alabama Constitution; and

    c. Such an award violates the 14th Amendment of the United States Constitution and the due process clause of the Alabama Constitution by encroaching on the defendant's right to due process and open access to the court system.

14. The imposition of punitive damages on the basis of vicarious liability violates the 5th, 8th, and 14th Amendments to the United States Constitution.

15. The procedures through which punitive damages are awarded are unconstitutionally vague.

16. Pursuant to Alabama Code, 1975 §§ 6-11-20, et. seq, a punitive damage award cannot exceed $250,000, and the Alabama Supreme Court's 1993 declaration that

this statutory limitation is unconstitutional violated the separation of powers clause of the United States Constitution and the Constitution of the State of Alabama.

17. Any award of punitive damages in this lawsuit is subject to all standards and limitations provided by <u>Green Oil Co. v. Hornsby</u>, 539 So.2d 218 (Ala. 1989), <u>Gore v. BMW of North America, Inc.</u>, 116 S.Ct. 1589 (1996), <u>Foremost Insurance Co. v. Parham</u>, 693 So.2d 409 (Ala. 1997), and <u>Cooper Industries, Inc. v. Leatherman Tool Group</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

18. Punitive damages cannot be awarded to a party who does not meet the evidentiary standards provided by Alabama Code, 1975 §§ 6-11-20 and 12-21-12.

19. These defendants deny any conduct that would entitle the plaintiff to recover punitive damages.

/s/ Rick Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
Attorneys For Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

**CERTIFICATE OF SERVICE**

 I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Mitch McBeal
7027 Halcyon Park Drive
Montgomery, Alabama 36117

This the 26TH day of _____July_____, 2005.

_____
OF COUNSEL