IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Mery Thomas, as next friend to minor child, X, | * * * |
| Plaintiff, | * * |
| vs. | * * |
| | * CV-05-689-SRW |
| City of Valley, Alabama, Mayor Arnold Leak, Police Chief James Bryan, and Detective Frank Montroy, | * * * * |
| Defendants. | * |

## DEFENDANTS' RENEWED MOTION TO DISMISS

COME NOW Defendants, by and through counsel, and move the Court to dismiss all claims asserted in Plaintiff's complaint on the grounds set forth herein. In support of this Motion, Defendants state the following:

1. On July 27, 2005, Defendants filed a Motion to Dismiss all claims asserted by the Plaintiff against Defendants on the grounds that Plaintiff's Complaint failed to state a claim for which relief may be granted. (Exhibit 1).

2. On August 5, 2005, the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss, by no later than August 22, 2005. The Court further set forth that Defendants' Motion would be taken under submission on that date, without oral argument.

3. On August 23, 2005, this cause was reassigned to Magistrate Judge Susan Russ Walker for all further proceedings.

4. Plaintiff failed to submit a response to Defendants' Motion to Dismiss by the Court's submission deadline. As of this date, Plaintiff has still not submitted any response to Defendants' Motion.

5. Defendants now renew their Motion to Dismiss and request the Court to rule on this Motion based solely on Defendants' Motion, as Plaintiff failed to submit any response in objection thereto within the Court-ordered deadline. Defendants request this Court to dismiss Plaintiff's Complaint and all claims against these Defendants for the reasons set forth in Defendants' previously-submitted Motion to Dismiss.

WHEREFORE, premises considered, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint as it fails to state claims for which relief can be granted.

Respectfully submitted,

_____
ALEX L. HOLTSFORD, JR.  (HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys For Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Mitch McBeal
7027 Halcyon Park Drive
Montgomery, Alabama 36117

    This the _14th_ day of _September_, 2005.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 JUL 26 P 3:51
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Mery Thomas, as next friend to minor child, X, | * |
| Plaintiff, | * |
| vs. | * |
| City of Valley, Alabama, Mayor Arnold Leak, Police Chief James Bryan, and Detective Frank Montroy, | * |
| Defendants. | * |

## MOTION TO DISMISS

COME NOW Defendants, by and through counsel, and move the Court to dismiss all claims asserted in Plaintiff's complaint on the grounds set forth herein. In support of this Motion, Defendant states the following:

1.  Plaintiff has alleged that Defendants were negligent in that they failed to investigate and failed to perform a "legal duty owed to X", a minor; namely, Plaintiff claims that Defendants were negligent in that they did not report X's claim of rape to the Department of Human Resources in accordance with *Ala. Code* 1975 § 26-14-3. This Count of the complaint is due to be dismissed as it does not state a claim for which relief may be granted. The Alabama Supreme Court has held that Section 26-14-1, et seq., of the Alabama Code creates a duty owed to the general public, not to specific individuals, and, consequently, it does not create a private cause of action. *C.B. v. Bobo,* 659 So. 2d 98 (Ala. 1995)("our review of §26-14-1 et seq. persuades us that the legislature did not intend to confer a private right of action for any breach of the duty to report imposed by the statute"). Accordingly, any claims of negligence based upon Defendants' failure to report

the alleged event to the Department of Human Resources fail as a matter of law.[1]

2. Count Two of Plaintiff's complaint asserts the tort of outrage. This claim should also be dismissed, as the facts alleged in Plaintiff's complaint do not support a claim for outrage under Alabama law. The Alabama Supreme Court has drastically limited the factual situations in which the tort of outrage is cognizable, only recognizing the tort of outrage in three specific areas: wrongful conduct in the context of family burials, *Whitt v. Hulsey*, 519 So.2d 901 (Ala. 1987); wrongful coercion by insurance agents, *National Security Fire & Cas. Co. v. Bowen*, 447 So.2d 133 (Ala. 1983); and egregious sexual harassment, *Busby v. Truswal Systems Corp.*, 551 So.2d 392 (Ala. 1989). Since Plaintiff's allegations do not fall within any of these areas, her claim of outrage is due to be dismissed.

3. Third, Plaintiff asserts that Defendants breached an implied contract, in that they "breached their contractual duty" by not investigating X's allegations of rape. This claim is due to be dismissed as Defendants did not have a contract, either express or implied, with Plaintiff. Where the duty alleged by a plaintiff is one implied by law, the claim involves a tortious breach only. *Lorence v. Hospital Board of Morgan County*, 320 So. 2d 631 (Ala.1975). As a matter of law, the allegations of the Plaintiff sound in tort, not contract; accordingly, the breach of implied contract claim asserted in Count Three of the complaint is due to be dismissed.

4. Count Four of Plaintiff's complaint asserts a claim for "breach of

---

[1] Plaintiff alleged "respondeat superior/vicarious liability" in Count Seven of her complaint. This count is due to be dismissed because there is no wrongful act upon which to base liability.

2

constitutional/civil rights". This claim is likewise due to be dismissed. The United States Supreme Court has held that there is "no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual". *Deshaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196 (1989). The Court in *Deshaney* went on to state that, although the state may impose affirmative duties upon its agents, such as requiring state agencies or agents to investigate allegations of possible child abuse, such duties do not thereby become constitutionalized. Id. at 202. Consistent with *Deshaney*, other federal courts have concluded that "there is no constitutional right to have the state, its subdivisions, or employees thereof, investigate a possible child abuse or sexual assault". *Mackey v. State of Michigan*, 1989 U.S.Dist.LEXIS 18152, *8 (W.D.Mich.1989); *Milburn v. Anne Arundel County Department of Social Services*, 871 F. 2d 474 (4th Cir. 1989); see also *Maxey v. Banks*, 26 Fed.Appx.805, 808 (10th Cir.2001), ("plaintiff does not have a federal due process right to a police investigation".) The reasoning of the U.S. Supreme Court and federal courts is applicable in the present case, and compels the conclusion that Plaintiff's constitutional allegations do not support a claim for which relief can be granted.

    5.    Count Six of the complaint purports to assert a claim for "mental anguish/mental distress". However, "mental anguish" is an element of damages, not a separate cause of action under Alabama law. *Western Union Tel.Co. v. Wright*, 53 So. 95, 96 (Ala.1910). Accordingly, Count Six does not state a cause of action and is due to be dismissed.

6. Finally, Plaintiff has asserted an additional claim for "failure to provide services", without providing any legal or factual support for raising such a claim. Plaintiff merely states that "public safety is a basic function of government" and "[c]itizens want and expect a police force that is professional in every way", in support of this claim. As discussed above, these facts–even if true–do not support a claim for constitutional violations, nor do they support a breach of contract argument. Assuming, then, that Plaintiff is asserting a claim under a state tort theory, this claim must still fail. Under Alabama law, the failure to provide police protection or an alleged inadequacy of police protection will not supply the basis for a tort action against a city. *Nichols v. Mt. Vernon*, 504 So. 2d 732, 733 (Ala.1987).

WHEREFORE, premises considered, Defendants respectfully request that this Court dismiss the above Counts of Plaintiff's Complaint as they fail to state claims for which relief can be granted.

Respectfully submitted,

_____
ALEX L. HOLTSFORD, JR.  (HOL048)
RICK A. HOWARD (HOW045)
APRIL M. WILLIS (WIL304)
Attorneys For Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND
    HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

4

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Mitch McBeal
7027 Halcyon Park Drive
Montgomery, Alabama 36117

This the 26th day of July, 2005.

_____
OF COUNSEL