IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MERY THOMAS, as next friend to minor child X, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   CASE NO. 3:05-cv-689-W ) (WO) |
| CITY OF VALLEY, ALA., et. al., | ) ) |
| Defendants. | ) |

**ORDER**

This case is before the court on Defendant's Motion to Dismiss (Doc. #3) filed on July 27, 2005. For the reasons set out below, the motion is due to be granted in part.

I. FACTS AND PROCEDURAL HISTORY

The Plaintiff originally filed a complaint in this action in state court on July 7, 2005, alleging state law claims of negligence, outrage, breach of implied contract, wantonness, mental distress, vicarious liability and failure to provide services. Plaintiff also brings a 42 U.S.C. § 1983 claim alleging that Defendants have violated the constitution. On July 27, 2005, Defendants removed the action to this court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and filed an answer (Doc. #4) and motion to dismiss (Doc. #3). Plaintiff did not file a response in opposition to the motion to dismiss, and Defendants filed

1

a renewed motion to dismiss (Doc. #11) on September 14, 2005.

The facts alleged in Plaintiff's complaint are as follows: On February 5, 2005, "X," a 13-year-old black female, was walking to a friend's house. She was approached by two men who chased her down a dirt road and into a wooded area, where they raped her. X was taken to a medical facility by her stepfather, and the Valley Police Department was alerted. Detective Frank Montroy arrived and questioned X. The detective's manner of questioning was abrasive and frightening, and X "changed her story" while talking to him. Detective Montroy then told the medical facility not to conduct a "rape kit." He made the statement that this was "just a case of a typical 13 year old black girl having sex." The next day, X's mother took X's torn clothing and underwear to the police station. X showed her parents the scene of the rape, and they found a broken necklace and earring belonging to her. Detective Montroy has not pursued an investigation of the rape. He told X's mother that he reported the incident to the Department of Human Resources, but in fact, he did not. X is undergoing counseling and has experienced difficulties sleeping and concentrating during school. She suffers from fear and anxiety.

## II. STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In

evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467 U.S. at 73; *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir. 2002). At the motion to dismiss stage, the court may not consider the parties' briefs, affidavits or supplementary matters that fall outside the plaintiff's complaint. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

### III. DISCUSSION

The court first considers Plaintiff's federal law claim brought under 42 U.S.C. § 1983. Plaintiff alleges the following claim against the Defendants:

> Defendants violated X's constitutional rights by failing to investigate an alleged rape, failing to collect material evidence, failing to conduct follow-up investigations of possible witnesses, failing to conduct a "rape kit" and allowing key physical evidence to be destroyed and or lost.
>
> Plaintiff claims the Defendants treated her unequally due to her membership in the racial class of African-American. Which was evident in Defendant Montroy's racial [comment] "this is just a case of a typical 13 year old black girl having sex." Plaintiff claims that Montroy had made up his mind not to investigate the rape allegations of X, just because she was a black girl.
>
> Plaintiff claims she was discriminated against by denial of police protection and or services due to her race.

Complaint at ¶¶ 31-33.

Defendants maintain that Plaintiff has not stated a claim upon which relief may be granted, asserting that there is no constitutional right to investigation of a crime. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989) ("Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"). The Supreme Court recently reaffirmed this principle in *Town of Castle Rock, Colo. v. Gonzales*, when it held that "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock*, ___ U.S. ___, 125 S.Ct. 2796, 2803 (2005). In the same case, the Court also noted that, "[i]n other contexts, we have explained that 'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Id.* at 2809 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, in the present case, the Plaintiff has no standing to claim a constitutional violation for the failure of Detective Montroy or the City of Valley to investigate her claim of rape.

Further, the court finds that Plaintiff has failed to allege sufficiently any constitutional violation under the equal protection clause of the Fourteenth Amendment. "The equal protection clause commands that no state shall deny to any person within its

jurisdiction the equal protection of the laws." *Williams v. City of Montgomery*, 21 F. Supp. 2d 1360, 1365 (M.D. Ala. 1998) (citing *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432 (1985)). "In order to maintain a claim for violation of equal protection, a plaintiff must show that similarly situated persons were treated dissimilarly." *Id*. In this case, the Plaintiff alleges that X was denied equal treatment by Defendants because of her race. She claims that Detective Montroy's statement that she was "a typical 13 year old black girl having sex" demonstrates bias, and that she was treated unequally as a result. However, Plaintiff's complaint does not allege that she was treated differently from other, similarly situated people – specifically, that Defendants have investigated or pursued similar claims more rigorously. *See Swanson v. Pitt*, 330 F. Supp. 2d 1269, 1277 (M.D. Ala. 2004) (Finding that the plaintiff did not state an equal protection claim where he failed to allege that the defendants treated him differently from anyone else). *See also GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (Finding that the plaintiff's complaint was insufficient where it did "not allege unequal treatment or discriminatory motive on the part of the defendants"). The Plaintiff's Complaint alleges only that Detective Montroy made a statement in which he mentioned X's age, race and gender. While the court recognizes that the "notice pleading" standard of the Federal Rules of Civil Procedure does not generally require heightened, fact-specific pleading, the rules do require that minimum facts be pled that will state a cognizable claim. *See*

Fed.R.Civ.P. 8(a) ("A pleading ... shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief ..."). In this case, the Plaintiff has not met this relatively low burden and, therefore, her Complaint does not state a claim for a constitutional violation upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Defendant's Motion to Dismiss (Doc. #3) and Renewed Motion to Dismiss (Doc. #11) are GRANTED as to Plaintiff's § 1983 claims, and these claims are dismissed without prejudice.[1] Plaintiff may file an amended complaint that more fully alleges her equal protection claim on or before November 10, 2005.

DONE, this 1st day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The court will defer ruling on Plaintiff's state law claims until Plaintiff has either filed an amended complaint or declined to do so.