IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MERY THOMAS, as next friend to      )
    minor child X,                        )
                                          )
    Plaintiff,                            )
                                          )
    v.                                    )      CASE NO. 3:05CV689-W
                                          )                (WO)
CITY OF VALLEY, ALA., et. al.,      )
                                          )
    Defendants.                           )

## ORDER

On November 1, 2005, this court entered an Order (Doc. # 14), partially granting Defendants' Motion to Dismiss (Doc. # 3) and Renewed Motion to Dismiss (Doc. # 11) and giving Plaintiff until November 10, 2005, to file an amended complaint more fully alleging her equal protection claim. Plaintiff has failed to file an amended complaint. The court therefore finds that Plaintiff's § 1983 claim is due to be dismissed with prejudice.

Plaintiff's complaint also alleges state law claims of negligence, outrage, breach of implied contract, wantonness, mental anguish/mental distress, respondeat superior and failure to provide services. The court has discretion as to whether or not to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. The statute states, in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." 28 U.S.C. § 1367(c)(3). Because Plaintiff's federal § 1983 claim

is due to be dismissed, in the interest of judicial economy, the court declines to exercise supplemental discretion over the state law claims. *See Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction") (internal citations and quotations omitted). Therefore, Plaintiff's state law claims are due to be remanded to state court.

For the foregoing reasons, it is

ORDERED that plaintiff's § 1983 claims are DISMISSED with prejudice.

It is further ORDERED that this action is REMANDED to the Circuit Court of Chambers County, Alabama.

DONE, this 16th day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE